## POWE v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 12, 1924.)

No. 4399.

**Indictment and information ⊚⟞⟞196(3)—Plea in abatement, alleging irregularities in finding indictment, filed three months after indictment returned, held too late.**

Plea in abatement, alleging irregularities in finding indictment, *held* too late, where accused was arrested in May, 1923, and indicted in December, and plea was filed in March, 1924, though he was not placed under bond, since he was chargeable with knowledge that he probably would be indicted, and should have complained of irregularities before indictment was returned.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Samuel Powe, alias Sam Powe, was indicted for illegal possession and transportation of intoxicating liquor, in violation of the National Prohibiton Law. Plea in abatement overruled, and defendant brings error. Affirmed.

Alexander D. Pitts, of Selma, Ala., and Jere Austill, of Mobile, Ala., for plaintiff in error.

Aubrey Boyles and Joseph W. John, Asst. U. S. Attys., both of Mobile, Ala. (Nicholas E. Stallworth, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and ESTES, District Judge.

BRYAN, Circuit Judge. The assignment of error relied on is that the trial court erred in overruling plaintiff in error's plea in abatement to an indictment charging him with the illegal possession and transportation of intoxicating liquor in violation of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The plea in abatement sets up mere irregularities in the finding of the indictment, and that the plaintiff in error was not under bond to await the action of the grand jury, and therefore was not required to appear and challenge the proceedings before the grand jury.

Plaintiff in error was arrested in May, 1923, and a grand jury was impaneled November 26. Additional grand jurors were sworn in to take the place of some discharged on December 13. The indictment was returned December 15. The plea in abatement was not filed until March 19, 1924. Plaintiff in error, having been arrested, although the plea alleges he was not placed under bond, is chargeable with knowledge that he probably would be indicted. Even after he was indicted, he waited three months before filing his plea in abatement. We are of opinion that the irregularities complained of should have been raised before the indictment was returned, and also that the filing of the plea in abatement was delayed too long after the finding of the indictment. Agnew v. United States, 165 U. S. 36, text 44, 45, 17 S. Ct. 235, 41 L. Ed. 624.

The judgment is affirmed.