## COOK v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1925. Rehearing Denied March 11, 1925.)

No. 4382.

1. **Indictment and information** ☞139—**Motion to quash indictment held properly overruled as not timely made.**

Motion to quash indictment for irregularities in increasing number of grand jurors *held* properly overruled, where not made before finding of indictment or seasonably thereafter.

2. **Criminal law** ☞1186(4)—**Court's rebuke of counsel or unfavorable comment on their conduct is not ground for reversal, unless palpable injury to accused results.**

The action of the court in reprimanding defendant's counsel and unfavorably commenting on their conduct is not ground for reversal unless it involves palpable injury to accused or affects his substantial rights, in view of Judicial Code, § 269, as amended Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

In Error to the District Court of the United States for the Northern District of Texas; John M. Killits, Judge.

Frederick A. Cook was convicted of fraudulent misuse of mails, and he brings error. Affirmed.

Joseph W. Bailey, of Dallas, Tex., and Herbert C. Wade, of Fort Worth, Tex. (Joseph F. Greathouse and John E. McGinness, both of Fort Worth, Tex., on the brief), for plaintiff in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex., and John S. Pratt and Sylvester R. Rush, Sp. Asst. Attys. Gen., for the United States.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. The plaintiff in error, Frederick A. Cook, was convicted under an indictment charging use of the mails for the purpose of executing an alleged scheme to defraud. What is relied on for a reversal is the action of the court in overruling a motion to quash the indictment because of alleged illegalities in the organization and composition of the grand jury which found it, and statements made by the court in the presence of the jury in reference to conduct of counsel who represented Cook in the trial.

[1] The term of court during which the indictment was found and returned was convened on March 12, 1923, and the grand jury was impaneled on that day. On April 3, 1923, Cook made bond before a United States commissioner for his appearance before that court instanter, and from time to time thereafter to which the case may be continued, "to answer the charge of having, on or about the 25th day of October, A. D. 1922, within said district, in violation of section 215 Criminal Code of the United States, unlawfully, feloniously, and knowingly devised a scheme and artifice to defraud by the use of the United States mail." The grand jury returned the indictment on April 20, 1923. The motion of Cook to quash the indictment on account of asserted irregularities in increasing, on March 12, 1923, the number of grand jurors, by ordering the summoning of two additional competent and qualified persons to serve as grand jurors, was filed on May 14, 1923. From the time of his giving bond as above stated Cook must have been aware that the charge against him would be submitted to the grand jury then in session. For aught that was made to appear he had abundant opportunity to object to the competency of the grand jury before the indictment was found, and certainly much sooner than he did so after the indictment was returned. No explanation or reason for the delay was disclosed. Such an objection to a grand jury cannot properly prevail, unless it is made promptly after an opportunity to make it is presented. Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624; Wolfson v. United States, 101 F. 430, 41 C. C. A. 422; Powe v. United States, 2 F.(2d) 975 (U. S. Circuit Court of Appeals, Fifth Circuit, present term). The overruling of the motion to quash the indictment was justified, because the objections made to the competency of the grand jury came too late, whether they could or could not properly have prevailed, if they had been made with due promptness.

[2] It is not questioned, and it is not fairly open to question, that evidence adduced warranted the verdict rendered. The record does not show that any reversible error was committed in admitting or excluding evidence, or in giving or refusing instructions to the jury. It is not made to appear that the right of Cook's counsel to submit to the jury evidence or contentions in his behalf was improperly abridged in any way. The just mentioned facts must be borne in mind in considering the contention that the judgment should be reversed because of the action of the court in rebuking Cook's counsel or commenting unfavorably on their conduct several times during the trial, which was in progress for considerably more than a month. We shall not take up in detail the incidents complained of. Of them it is enough to say that, whether considered singly or in the aggregate, they cannot reasonably be regarded as having had the effect of raising in the minds of the jury prejudice or bias against Cook, of impairing the fairness or impartiality of the trial of the question of fact presented, or of influencing the verdict rendered. Though all that was said by the presiding judge in colloquies between him and Cook's counsel in reference to actions and the demeanor of the latter in the course of the trial may not be approved or commended as proper and justifiable in the exercise of the large discretion vested in the court in the conduct of the trial, the action of the court in that regard is not a ground of reversal, unless it involved palpable injury to the accused or affected his substantial rights. Judicial Code, § 269, as amended, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246). We are of opinion that the record as a whole warrants the conclusion that the incidents complained of were not influential in bringing about Cook's conviction, and did not affect his substantial rights. The record does not show any reversible error.

The judgment is affirmed.